United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON KING,

        Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., LEXISNEXIS RISK
SOLUTIONS, INC., and TRANS UNION,
LLC,

        Defendant.

No.  22-07484 WHA

**ORDER GRANTING MOTION FOR
ENTRY OF JUDGMENT IN FAVOR
OF LEXISNEXIS**

## INTRODUCTION

In this *pro se* action regarding consumer reporting information, a former defendant has moved for judgment to be entered in its favor against plaintiff.  To the extent stated herein, the motion is **GRANTED**.

## STATEMENT

*Pro se* plaintiff Aaron King filed suit in 2022 against four consumer reporting agencies ("CRAs"): Equifax Information Services, Experian Information Solutions, Trans Union, LLC, and LexisNexis Risk Solutions.  As will be discussed below, the only remaining defendant in this action is Trans Union.  However, given that LexisNexis makes the instant motion, the following recapitulation of events will focus on allegations lodged against LexisNexis.

Plaintiff's central claim is that his consumer and credit information is being associated with that of other man of the same name ("Louisiana Aaron").  Plaintiff alleges that starting in 2020, he has faced obstacles in applying for government benefits, loans, and instance due to inaccurate reporting.  With respect to LexisNexis specifically, plaintiff alleged that there are addresses not associated with him which were nonetheless included in a disclosure he had received upon request, including the address of Louisiana Aaron.  Plaintiff also alleged that LexisNexis refused to release his requested consumer file disclosure in violation of 15 U.S.C. Section 1681g.

In 2023, all defendants except Trans Union moved to dismiss plaintiff's complaint.  Plaintiff opposed the motion and simultaneously sought leave to file an amended complaint, for which he was entitled as a matter of course (Dkt. No. 34). Having reviewed the amended complaint and additional reply briefs filed by the three moving defendants, an order granted the motion to dismiss all claims against the three moving defendants in the action, including defendant LexisNexis (Dkt. No. 45).  With respect to the allegations against LexisNexis, that order found that plaintiff had pled "nonspecific allegations" which were "outweighed by pled facts indicating that LexisNexis did in fact provide such disclosures" (*id*. at 7).  However, the same order also permitted plaintiff to seek leave to amend his complaint (*id*. at 11).

Plaintiff then moved for leave to file a second amended complaint (Dkt. No. 62).  The proposed second amended complaint added new allegations which included that he had applied for credit but was denied several times, due in part to insufficient credit history, and that his file was merged with that of another Aaron King ("Ohio Aaron") due to inaccurate information spread by Trans Union.

All four defendants opposed plaintiff's motion to amend the complaint.  A subsequent order found that all the amendment reasserting FCRA claims against Experian, Equifax, and LexisNexis would be futile, and were therefore denied (Dkt. No. 68 at 7).  Likewise, that order found that the proposed amendment of new FCRA claims against Experian, Equifax, and LexisNexis, were futile, and therefore denied.  Claims of common law fraud and breach of contract as to Experian, Equifax, and LexisNexis were also denied.  Several (though not all)

United States District Court
Northern District of California

claims against TransUnion were also denied.  In light of this, plaintiff's motion for leave to amend the complaint with regard to Experian, Equifax, and LexisNexis was denied (*id*. at 12). Therefore, plaintiff's motion for leave was only granted to the extent that there are plausible claims against Trans Union, and not the three other defendants.  Plaintiff then filed a third amended complaint against Trans Union only, which is currently the operative complaint (Dkt. No. 69).

LexisNexis now moves for entry of judgment pursuant to FRCP 54(b) on the grounds that there are no claims currently pending against LexisNexis in this action.  Plaintiff has opposed the motion.  This order follows full briefing and oral argument.

## ANALYSIS

As stated above, a prior order denied reasserted and new claims against LexisNexis (as well as Experian and Equifax).  Rule 54(b) provides, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In determining whether final judgment should be entered under Rule 54(b), a district court must first determine whether there is, in essence, already a final judgment.  "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).

Here, LexisNexis has shown that there is, in essence, final judgment.  *First*, a previous order dismissed the first amended complaint against LexisNexis (Dkt. No. 45).  *Second*, another order denied plaintiff's motion for leave to file a second amended complaint insofar as the claims against LexisNexis were futile (Dkt. No. 68).  As stated above, that order found that the reasserted FCRA claims, newly asserted FCRA claims, and reasserted non-FCRA claims were all futile.  As such, amendments with respect to LexisNexis were denied.  As noted by LexisNexis in their motion, "[b]etween the dismissal and denial of plaintiff's motion to amend," the judgment against LexisNexis was final.  This order agrees.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This order now turns to the second inquiry: whether there is any reason to delay entering formal judgment. For this, the district court must decide whether there is any just reason for delay by considering "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).

LexisNexis argues that because each defendant is a CRA and all of them prepare consumer reports independently, the claims against LexisNexis do not share a common nucleus of operative facts with the claims against the other three defendants. Therefore, according to LexisNexis, its claims are severable and judicial administrative interests weigh in favor of entering judgment. In his opposition, plaintiff argues that there is a common nucleus of fact because LexisNexis had allegedly advertised identifying information belonging to another Aaron King, as the other three defendants had done. This order does not agree with plaintiff for two reasons.

First, plaintiff's contention does not alter the fact that each defendant produces consumer reports independently of one another. Nor has plaintiff alleged in his complaint that the other defendants relied on information from LexisNexis to demonstrate a common nucleus of fact. Second, even if plaintiff had made such an allegation, a previous order found such allegations and amendments futile. Plaintiff attempts to rehash several allegations found in his first and second amended complaints but fails to identify how the claims against LexisNexis overlap the claims against the other defendants. Only a narrow set of claims remain in this matter, which pertain to the cancellation of plaintiff's MetLife insurance policy due to Trans Union's reporting and remaining FCRA claims against Trans Union. And to be clear, plaintiff has not alleged that MetLife also relied on LexisNexis's reporting in deciding to cancel the policy.

Nor would entering judgment in favor of LexisNexis be inequitable. This action has trailed on for two years in which the undersigned judge has implored plaintiff to plead plausible claims for relief and allege facts as fully as possible. Plaintiff has been given several opportunities to do so and has managed to present a narrow set of claims in this action that have survived several rounds of briefing and oral argument. Yet, the surviving claims simply

do not involve LexisNexis.  Nor has plaintiff identified a compelling reason to delay entering judgment in favor of LexisNexis.

As a final matter, plaintiff uses a majority of his opposition brief to present what appears to be a motion for reconsideration under Rule 60(b).  If so, it is not persuasive and is therefore DENIED.

### CONCLUSION

For the forgoing reasons, LexisNexis's motion for entry of judgment is GRANTED.

**IT IS SO ORDERED.**

Dated:  June 13, 2024.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
Northern District of California