UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON KING,

        Plaintiff,

  v.

EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendants.

No. 22-07484 WHA

**ORDER RE DEFENDANT EQUIFAX'S MOTION FOR ENTRY OF JUDGMENT**

**INTRODUCTION**

In this *pro se* action regarding consumer reporting information, a former defendant has moved for judgment to be entered in its favor against plaintiff. The motion is **GRANTED**.

**STATEMENT**

*Pro se* plaintiff Aaron King filed suit in 2022 against four consumer reporting agencies ("CRAs"): Equifax Information Services, Experian Information Solutions, Trans Union, LLC, and LexisNexis Risk Solutions. As will be discussed below, the only remaining defendant in this action is Trans Union. Given, however, that Equifax makes the instant motion, the following history will focus on Equifax.

This action concerns defendants allegedly associating plaintiff's consumer and credit information with that of another gentleman of the same name. This association began almost 30 years ago, when a different Aaron King in Louisiana filed for bankruptcy in 1997. Over the

years, plaintiff was subject to debt collection efforts, allegedly due to defendants' association of plaintiff's information with that of the other King.

A prior order dismissed all claims as to Equifax (Dkt. No. 45). Plaintiff was also permitted to seek leave to amend his complaint, which he did. In that motion, plaintiff reasserted claims for relief under FCRA Section 1681e, 42 U.S.C. Section 1981, 42 U.S.C. Section 200d, common law fraud, and that Equifax had breached a settlement between it and plaintiff from 2008. That proposed amended complaint also added a defamation claim against Equifax. Equifax opposed his motion for leave to amend. A subsequent order denied all claims as to Equifax (Dkt. No. 68). In fact, only a narrow set of claims in this action have survived, which are lodged against Trans Union only (*ibid.*). Finally, an order denied plaintiff's reconsideration of its previous order which denied plaintiff's claims against Equifax (Dkt. 90).

Equifax now moves for entry of judgment pursuant to Rule 54(b). Plaintiff opposes the motion. This order follows full briefing and finds the motion suitable for disposition on the papers under Civil Local Rule 7-1(b).

**ANALYSIS**

As stated above, a prior order denied reasserted and new claims against Equifax. Rule 54(b) provides, in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In determining whether final judgment should be entered under Rule 54(b), a district court must first determine whether there is, in essence, already a final judgment. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).

Here, Equifax has shown that there is, in essence, final judgment. *First*, a previous order dismissed the first amended complaint against Equifax in April 2023 (Dkt. No. 45). *Second*,

1  another order denied plaintiff's motion for leave to file a second amended complaint insofar as
2  the claims against Equifax were futile in November 2023 (Dkt. No. 68).  That order found that
3  the reasserted FCRA claims, newly asserted FCRA claims, and reasserted non-FCRA claims
4  were all futile.  As such, amendments with respect to Equifax were denied.  As noted by
5  Equifax in its motion, "[b]etween the dismissal, the denial of leave to amend, and the denial of
6  reconsideration, the judgment against Equifax is final," (Dkt. No. 95).  This order agrees.

7       This order now turns to the second inquiry: whether there is any reason to delay entering
8  formal judgment.  For this, the district court must decide whether there is any just reason for
9  delay by considering "judicial administrative interests as well as the equities involved."
10  *Curtiss-Wright Corp. v. Gen. Elec. Co*., 446 U.S. 1, 7–8 (1980).  Equifax argues that judicial
11  administrative interests weigh in favor of granting the motion because plaintiff's claims against
12  Equifax are entirely distinguishable from the claims against Trans Union.  Further, Equifax
13  argues that granting relief would not be inequitable because there are no pending claims
14  against Equifax in this action.  This order agrees.  Simply put, a narrow set of claims remain in
15  this action, but none of them involve Equifax.  Nor is there an equitable interest at risk for
16  granting judgment in favor of Equifax.  For this reason, Equifax's motion is **GRANTED**.

17       Plaintiff uses his opposition brief to essentially argue that his second amended complaint,
18  which lodges claims for relief against Equifax, should not have been denied.  According to
19  plaintiff, there was evidence not available to him mid-April 2023 which "may have
20  significantly changed the April 18, 2024, ruling of the Court," (Dkt. No. 45) and he therefore
21  plausibly pled claims against Equifax in his second amended complaint (Opp. 3, 6).  Instead of
22  responding to Equifax's arguments in its motion, plaintiff requests leave to file another motion
23  for reconsideration of the November 2023 order.  This Court has already reviewed plaintiff's
24  second amended complaint, twice (Dkt. Nos. 68, 90).  Rehashing arguments in the opposition
25  brief was both ineffective and inappropriate.  For this reason, any request to file another
26  motion to reconsider is **DENIED**.

27
28

**CONCLUSION**

For the aforementioned reasons, Equifax's motion for entry of judgment is **GRANTED**.

**IT IS SO ORDERED.**

Dated: November 26, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE